IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,277-01






EX PARTE TRAVIS DARAN JOHNSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2008-1612-C2A IN THE 54TH JUDICIAL DISTRICT COURT


FROM MCLENNAN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession with
intent to deliver a controlled substance. Although he had negotiated a plea agreement whereby the
State would recommend a ten-year probated sentence, the trial court sentenced Applicant to fifteen
years' imprisonment. He did not appeal his conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance and that
his plea and waiver of appeal were not knowingly and voluntarily entered. There is nothing in the
record to indicate that Applicant was advised of his right to withdraw his plea if the trial court
declined to follow the plea agreement. There is also nothing to indicate what transpired in between
Applicant's plea and his sentencing which caused the trial court to decline to follow the plea
agreement. Applicant also alleges that counsel promised him that part of his fee would go to the trial
judge's election campaign, and that in exchange Applicant would receive a probated sentence. 
Applicant alleges that he was given a pile of papers to sign following his plea, and that one of the
documents was a waiver of appeal, which he signed without knowing the consequences of doing so. 
 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel told Applicant that he would
receive a probated sentence in exchange for a contribution to the trial judge's election campaign. 
The trial court shall supplement the record with copies of any documents or filings showing what
transpired between Applicant's plea and his sentencing. The trial court shall make findings as to
why the court declined to accept the plea agreement, and as to whether Applicant was advised of his
right to withdraw his plea. The trial court shall make findings as to whether Applicant was properly
advised of and understood the consequences of his waiver of appeal. The trial court shall make
findings as to whether the performance of Applicant's trial attorney was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: February 2, 2011

Do not publish